# UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| WAYNE GOUGH,<br>Plaintiff,<br><br>V.<br><br>ZWICKER AND ASSOCIATES,<br>Defendant. | )<br>)<br>)<br>)  Civil Action No. _____<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT
### (Jury Trial Demanded)

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692-1692p.

## JURISDICTION AND VENUE

2. This Court exercises jurisdiction under 15 U.S.C. 1692k and 28 U.S.C. 1331. This District is of proper venue as Plaintiff is a resident within this District and Defendant engaged the violations alleged herein against Plaintiff while Plaintiff so resided.

## PARTIES

3. Plaintiff, Wayne Gough, (hereinafter "Gough" or "Plaintiff"), is a natural person residing at 102 Euclid St., Gardner, MA 01440.

4. Defendant, Zwicker and Associates, P.C., (hereinafter "Defendant") is a professional corporation, incorporated in the Commonwealth of

Massachusetts, with a principle place of business at 80 Minuteman Road, Andover, MA 01810.

5. Defendant regularly operates as a third-party debt collector and is a "debt collector" as defined in 15 U.S.C. 1692a.

## FACTUAL ALLEGATIONS

6. During the month of August, 2014, Defendant began contacting the Plaintiff on his work cellular telephone regarding his private student loan debt.

7. Plaintiff then politely requested that the Defendant's agent cease contacting the Plaintiff at that number since the cellular telephone is a work telephone and the Plaintiff's employer monitors all income and outgoing calls.

8. On August 21, 2014, an agent with the Defendant once again called the Plaintiff on the work phone referenced hereinabove. The Plaintiff attempted to communicate with the agent and inform this person of the delicate nature of contacting him on this telephone, but the agent would just filibuster the Plaintiff. As a result, the Plaintiff was not able to obtain the name of the agent.

9. Despite the information given to agents of the Defendant regarding the Plaintiff's work telephone and the problems associated with contacting the Plaintiff on that telephone, agents of the Defendant continued to contact the Plaintiff.

10. The daughter of the Plaintiff, Alyssa, has also been receiving telephone calls from the Defendant in regards to the Plaintiff's student loan debt.

11. Throughout the 2014 calendar year, agents of the Defendant have contacted Alyssa at her place of employment on numerous occasions regarding the private student loan debt referenced herein.

12. During these communications, Alyssa was informed of the nature of the debt for which these calls were being made.

13. Additionally, agents of the Defendant would insult Alyssa, even calling her an "idiot."

## CAUSES OF ACTION

### COUNT I
### 15 U.S.C. 1692c(a)(3)

14. Plaintiff re-alleges paragraphs 1 through 13, and by this reference incorporates the same as though fully set forth herein.

15. Plaintiff believes and herein alleges that Defendant violated 15 U.S.C. 1692c(a)(3) by continuing to contact the Plaintiff at his place of employment.

16. Said statute states that a debt collector may not communicate with a consumer at the consumer's place of employment if the debt collector knows or has reason to know that the Plaintiff's employer prohibits such communications.

17. The Plaintiff informed agents of the Defendant that the Plaintiff's employer monitors such calls and that the cellular telephone upon which the Defendant contacted the Plaintiff was his employer's telephone.

18. Therefore, the Plaintiff asserts that the Defendant had reason to know that such communications could endanger the Plaintiff's employment.

## COUNT II
## 15 U.S.C. 1692c(b)

19. Plaintiff re-alleges paragraphs 1 through 18 and by this reference incorporates the same as though fully set forth herein.

20. Plaintiff believes and herein alleges that Defendant violated 15 U.S.C. 1692c(b) by continuing to communicate with the Plaintiff who is not the debtor for which the Defendant seeks to collect.

21. Agents of the Defendant contacted the Plaintiff's daughter regarding the Plaintiff's debt and informed her of the nature of the debt about which they were calling.

22. Despite being informed that they were contacting the Plaintiff's daughter and revealing personal information regarding the Plaintiff's debt, these agents continued to contact Alyssa and continued to reveal personal information.

## COUNT III
## 15 U.S.C. 1692d(5)

23. Plaintiff re-alleges paragraphs 1 through 22 and by this reference incorporates the same as though fully set forth herein.

24. Plaintiff believes and herein alleges that Defendant violated 15 U.S.C. 1692d(5) by communicating with the Plaintiff and the Plaintiff's daughter in an abusive manner.

25. The actions by the agents of the Defendant by engaging any person in a telephone conversation that is meant to annoy, abuse or harass, have violated this provision of the statute.

26. Frequent calls to places of employment, filibustering during communications, as well as verbal taunts are examples of such abusive and harassing behavior

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendant for recovery as follows:

1.) For statutory damages in the amount of $1,000 pursuant to 15 U.S.C. 1692k(2);
2.) For $3,605.00 in legal costs incurred in responding to unlawful collection activity.
3.) For actual damages incurred by the Plaintiff in an amount to be proven at the time of trial;
4.) For prejudgment interest in an amount to be proven at time of trial;
5.) For attorney's fees pursuant to 15 U.S.C. 1692(k);
6.) For the costs of this lawsuit; and
7.) For any other and further relief that the court considers proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Date: <u>08/12/2015</u>                                  Respectfully submitted,
                                                         The Plaintiff
                                                         WAYNE GOUGH
                                                         By and through counsel,

                                                         <u>/s/ Paul A. Petrillo</u>
                                                         Paul A Petrillo, Esq.
                                                         202 Main St., Suite 102
                                                         Salem, NH 03079
                                                         (603) 894-4120
                                                         Bar# 16186